■ ATHANASIA TIMAL, Respondent, et al., Plaintiff, v HENRI-ETTA KIAMZON et al., Appellants, et al., Defendant. [644 NYS2d 543]

This case arises from the alleged failure of the appellants to properly treat a pelvic infection which Athanasia Timal developed within three weeks after the birth of her second child by Caesarean section. She developed an endometriotic cyst which became infected, and formed a tubo-ovarian abscess. As a result, she had to undergo a hysterectomy, as well as the removal of her left fallopian tube and ovary.

Mrs. Timal's medical expert testified that the appellants departed from accepted medical practice in failing to order a sonogram when she was first diagnosed with a pelvic infection, which could have revealed her endometriotic cyst, and in failing immediately to admit her to the hospital for a course of intravenous antibiotic therapy, which is the only correct treatment for this type of infection after a Caesarean section. He concluded that the appellants' failure to so proceed caused Mrs. Timal's infection to worsen over a six-week period, which resulted in the development of the abscess and required surgery.

The appellants' medical expert opined that the treatment rendered, prescription of oral antibiotics, was appropriate, and that Mrs. Timal's tubo-ovarian abscess was unrelated to prior infections. He explained that a hysterectomy was inevitable in this case because of the unfortunate sequence of events, for which the appellants were not responsible.

The evidence adduced presented issues of credibility for the jury to resolve. It cannot be said that the jury's verdict in favor

of Mrs. Timal could not have been reached based upon any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 134). Accordingly, the findings of fact as to liability are affirmed.

However, the damages verdict deviated materially from what would be reasonable compensation and therefore was excessive to the extent indicated herein *(see,* CPLR 5501 [c]).

The appellants' remaining contentions are without merit. Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.